UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| SoCal Powersports, Inc., ) | CASE NO. 5:24 CV 2085 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| The Timken Co., et al., ) | |
| ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant The Timken Company's Motion to Compel and Motion Regarding the Sufficiency of an Answer (Doc. 35). This is a diversity action alleging defamation and tortious interference. For the reasons that follow, Defendant The Timken Company's Motion to Compel and Motion Regarding the Sufficiency of an Answer is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

As outlined more fully in the Court's recent Memorandum of Opinion and Order concerning Defendant The Timken Company's Motion to Dismiss (Doc. 26), this case concerns Plaintiff SoCal Powersports, Inc.'s ("SoCal") sale of Ultimax brand power transmission belts on Amazon. Defendant The Timken Company ("Timken") owns the Ultimax brand. Despite SoCal's status as an authorized distributor of the belts, SoCal alleges that Timken, through defendant Shane Smith, filed at least 267 reports with Amazon between November 30, 2023, and December 17, 2023, alleging that SoCal was

selling trademark infringing products because the products included a previous brand owner's name on the packaging.

SoCal alleges that as a result of these allegedly improper complaints, SoCal's Account Health Rating tanked, which led to Amazon suspending the entirety of SoCal's selling privileges from February 2024 until August 2024. Additionally, all SoCal's listings for the reported Ultimax products remain deactivated. SoCal brought suit against Defendants seeking damages, including lost sales during the period of deactivation and diminished sales after reactivation due to the damage to SoCal's AHR rating.

On May 1, 2025, Timken served its First Set of Requests for Admission ("RFAs"), Interrogatories, and Requests for Production of Documents ("RFPs") on SoCal. On May 29, SoCal served its Responses and Objections to Timken's discovery requests. Timken believed several responses were deficient and sent a letter to SoCal on June 11, providing the basis for Timken's beliefs and requesting that SoCal supplement its responses accordingly. The parties met and conferred on June 19, after which SoCal provided supplemental responses to some of Timken's outstanding requests. After SoCal served these supplemental responses on June 27, the parties exchanged several emails between July 3 and July 14, concerning what Timken believes are remaining deficiencies.

On July 17, Timken emailed this Court outlining the present discovery dispute. The next day, following this Court's order, Timken files its Motion to Compel and Motion Regarding the Sufficiency of an Answer (the "Motion"). SoCal opposes the Motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(b)(1) sets forth the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). After making a good faith attempt to resolve a dispute, a party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure or a motion if it believes another party has failed to respond to discovery requests or that the party's responses are evasive or incomplete. Fed. R. Civ. P. 37(a). Similarly, a party who believes that a response or objection to a request for admission is insufficient may file a motion pursuant to Rule 36(a)(6), requesting that the court determine the sufficiency of the answer or objection. Fed. R. Civ. P. 37(a). In ruling on such motions, a trial court has broad discretion in determining the scope of discovery. *Lewis*, 135 F.3d at 402.

## **ANALYSIS**

In its Motion, Timken takes issue with SoCal's responses to the following: RFPs Nos. 1 and 5, Interrogatories Nos. 6 and 9, and RFAs Nos. 1, 2, 3, 4, 5, 9, and 11.

### **A. RFPs Nos. 1 and 5**

Timken's RFP No. 1 asks for "[a]ll documents identified in, consulted with, or relied upon in the preparation of SoCal's Complaint" while Timken's RFP No. 5 asks for "[a]ll documents identified, consulted, or relied upon in your answers to any of Defendants' discovery requests, including interrogatories and requests for admission." SoCal initially objected to these requests on the grounds that any such documents are protected from disclosure as attorney work product. SoCal now claims, however, that it "produced all responsive documents in its possession, custody, or

3

control" related to these requests in its July 9, 2025 document production. (Doc. 36, at 5.) SoCal alleges that Timken "did not seek further information from SoCal prior to filing this Motion whether SoCal's document production also encompassed these document requests." (*Id.*)

SoCal's position is undermined, however, by the parties' email exchanges. In a July 10 email, Timken's counsel notified SoCal's counsel that it still believed RFPs Nos. 1 and 5 were in dispute. Then, in a July 14 email response, SoCal's counsel surmises that "the status of discovery appears accurate" but that "based on SoCal's July 9, 2025, production of responsive documents, any disputes regarding Timken's [RFPs Nos.] 2, 3, 4, and 33 are moot." (Doc. 35-4, at 35.) Counsel makes no mention of RFP No. 1 or 5. Further, in the parties' email to the Court, SoCal reiterated that it maintained its objections as to the production of documents that represented work product, seemingly referencing its initial objections to RFPs Nos. 1 and 5.

For these reasons, Timken's Motion is GRANTED as it pertains to Timken's RFPs Nos. 1 and 5. To the extent SoCal has not produced all non-privileged, responsive documents in its possession, custody, or control relevant to Timken's RFPs Nos. 1 and 5, SoCal is hereby ordered to do so. If necessary, SoCal can produce a privilege log for any document it contends is protected. *See Point/ARC of N. Ky. Inc. v. Phila. Indem. Ins. Co.*, 2011 WL 13227981, at *2 (E.D. Ky. Jan. 11, 2011) (citing *Hickman v. Taylor*, 329 U.S. 495, 504 (1947)). To the extent SoCal has produced all non-privileged, responsive documents in its possession, custody, or control relevant to Timken's RFPs Nos. 1 and 5, SoCal must supplement its responses to indicate as such.

### B. Interrogatory No. 6

Timken's Interrogatory No. 6 asks SoCal to "[i]dentify each item and amount of damages you seek to recover in this litigation, including the complete factual and legal basis for those damages.

This is a request for an itemized list as opposed to a lump sum without any explanation or computation. This is a request for both a description as well as an amount for each item of damages. Produce all documents related to your answer and identify the two people most knowledgeable about your answer." SoCal initially responded with a chart of claimed damages and the names of two people most knowledgeable about the damages. On July 7, 2025, Timken expressed to SoCal that it believed this response to be deficient because SoCal did not provide the basis for these numbers. One week later, SoCal's counsel emailed Timken's counsel and relayed that, relative to Interrogatory No. 6, "SoCal objects that this Interrogatory seeks information subject to privilege and protected by the work product doctrine" and that "[a]t this juncture of discovery, SoCal is unable to provide additional information, apart from counsel of record, regarding the legal bases of the damages sought by this Interrogatory. As to the factual bases requested, SoCal is reviewing information and will provide supplemental information to Timken as discovery continues." (Doc. 35-4, at 35.)

While Timken is correct that this email response technically fails to meet the requirements of Federal Rule of Civil Procedure 33 because it was not signed by SoCal, SoCal is within its right, at this juncture, to supplement the factual basis for its damages as non-expert discovery continues.[1]

---

[1] The Court notes, however, that SoCal has a continuing obligation to supplement its response to interrogatories "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Given SoCal's representation in its opposition to the Motion, this Court fully expects SoCal to further supplement its response to Timken's Interrogatory No. 6 with the factual basis for its calculation of damages in a timely manner, before the end of non-expert discovery. SoCal's failure to supplement may preclude SoCal from seeking undisclosed and unsupported damages. Fed. R. Civ. P. 37(c)(1); *see also Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 302 F. App'x 423, 429 (6th Cir. 2008).

For these reasons, Timken's Motion is GRANTED IN PART and DENIED IN PART as it pertains to Timken's Interrogatory No. 6. SoCal must supplement its response to comply with Rule 33.

### C. Interrogatory No. 9

Timken's Interrogatory No. 9 asks SoCal to "[i]dentify all Amazon complaints against or policy violations by SoCal by product name, model, date, ASIN and any and all other identifying indicia, from 2015 to the present, and produce all documents related to your answer and identify the two people most knowledgeable about your answer." This information is relevant to Timken's position that it was not the proximate cause of SoCal's injuries and not liable to SoCal for defamation or tortious interference with a business relationship. *See NOCO Co. v. OJ Commerce, LLC*, 35 F.4th 475, 484 (6th Cir. 2022) (finding no proximate cause for claims of defamation and tortious interference because three intervening causes broke the causal chain, including a complaint from a separate manufacturer).

After several communications back and forth, SoCal's counsel emailed Timken's counsel on July 14, 2025, and relayed that, relative to Interrogatory No. 9, SoCal has "produced all non-privileged, responsive documents that it has in its possession, custody, or control, that address Timken's request for Amazon complaints against SoCal. The burden is the same for both parties, and therefore, SoCal states that Timken may review these responsive documents for information related to this Interrogatory." (Doc. 35-4, at 35.) As Timken points out, however, SoCal's email response fails to comply with Federal Rule of Civil Procedure 33 because it was not signed by SoCal and failed to specify the responsive documents. Fed. R. Civ. Pro. 33(b)(5), (d).

For these reasons, Timken's Motion is GRANTED as it pertains to Timken's Interrogatory No. 9 and SoCal must supplement its response to comply with Rule 33.

**D. RFAs Nos. 1–4**

Timken's RFAs Nos. 1–4 asks SoCal to admit that certain exhibits attached to Timken's previous motion to dismiss are authentic copies of Amazon's policies that were in effect from at least November 2023 to present and applied to SoCal during that entire period. Each exhibit is a simple printout from Amazon's public internet website that appears to have been printed by Timken's counsel on February 9 and 10, 2025. Timken does not include any statement or affidavit from a person with purported knowledge of the authenticity of the printouts. Rather, it asks this Court to compel SoCal to admit that these specific printouts are authentic. The Court cannot.

While Federal Rule of Civil Procedure 36 allows a party to serve on an opposing party a written request to admit the genuineness of a provided document, a party cannot use Rule 36 to shift the burden of authenticating third-party documents to the opposing party. *Adobe Sys. Inc. v. Christenson*, 2011 WL 540278, at *9 (D. Nev. Feb. 7, 2011). The opposing party is not obligated to admit or deny the genuineness of a document, or the information contained therein, absent some indication that the document is authentic. *Id.* Courts do not treat website printouts as self-authenticating. *Id.* (collecting cases). Accordingly, a party must provide some other indicia of authenticity, such as a statement or affidavit from a person with such knowledge. *See Fish v. Stone, Higgs & Drexler, P.C.*, 2017 WL 6757575, at *6 (W.D. Tenn. Dec. 29, 2017) ("Courts confronting images that purport to represent websites have held that "[t]o authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with

7

knowledge of the website . . . for example a web master or someone else with personal knowledge would be sufficient.'" (citation omitted) (collecting cases)).

While SoCal might be able to verify through a Google search whether these policies are authentic and in place as of present day, this would not prove that the policies were authentic and in place at a prior point in time. *See Christenson*, 2011 WL 540278, at *9.[2] To this point, one of the exhibits appears to be an article from Amazon's website that was not published until July 17, 2024. (Doc. 17-5 (Exhibit C).) Yet, Timken's RFA No. 3 asks SoCal to "[a]dmit that Exhibit C . . . is an authentic copy of Amazon's How to Create a New ASIN on Amazon in effect from at least November 2023 to preset[sic]."

This Court is not convinced on the facts before it that SoCal possesses the necessary relationship to the website printouts to be able to admit or deny their genuineness as Timken requests. Accordingly, the Motion is DENIED as it pertains to Timken's RFAs Nos. 1–4.

---

[2] Timken contends that the at-issue printouts form part of SoCal's "contractual relationship" with Amazon and, as such, SoCal possesses the requisite knowledge to address the printouts authenticity because they are "documents to which [SoCal] is a party." (Doc. 35, at 14.) As support, Timken cites to SoCal's response to Timken's Request for Production No. 23, which asked SoCal to produce "all documents relating to SoCal's relationship with Amazon, including but not limited to agreements, prospective agreements, policies and procedures." In response, SoCal cited the Business Solutions Agreement by Amazon. Timken represents that this Business Solutions Agreement incorporates the same program policies about which these requests seek an admission. As stated above, however, that these policies are in effect today is a different question than whether these policies were the same policies in effect since at least November 2023, which is what Timken's Requests for Admission Nos. 1–4 seeks to establish.

**E. RFAs Nos. 5, 9, and 11**

Timken's RFA No. 5 asks SoCal to "[a]dmit that each of the alleged 267 trademark infringement reports submitted to Amazon related to a different ASIN offered by SoCal."[3] SoCal objects to this RFA on several grounds, including that: (1) the documents were not attached or identified, (2) the RFA is impermissibly compound, and (3) it seeks the admissible of inadmissible hearsay. These objections are not justified.

First, it is SoCal's own Complaint that alleges Defendants filed "at least 267 reports with Amazon" and attaches a list of these reports by ASIN number. (Doc. 1 ¶ 80 (citing Ex. 5).) Second, while the request references the 267 alleged reports that SoCal identified in its Complaint, it asks for one overarching admission: do the complaints relate to different ASINs? SoCal could answer this request with a simple "yes" or "no." *See Hollis v. Ply-Trim, Inc.*, 2009 WL 10713840, at *3 (N.D. Ohio Sept. 4, 2009) ("A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." (quoting *Johnstone v. Cronlund*, 25 F.R.D. 42, 46 (E.D. Pa. 1960)). Third, the request does not ask SoCal to admit any truth asserted in the alleged reports. Rather, the request seeks an admission that the reports were made for different ASINs. *See United States v. Hathaway*, 798 F.2d 902, 905 (6th Cir. 1986) ("[W]hen a statement is offered to prove neither the truth nor falsity, there is no need to assess the credibility of the declarant.

---

[3] To the best of this Court's understanding, "ASIN" stands for "Amazon Standard Identification Number." It is a unique 10-character identifier assigned by Amazon to each product listed in its catalog.

The significance lies entirely in the fact that the words were spoken. Thus, the statement does not fall within the Rule 801(c) definition of hearsay[.]").

SoCal also objects to RFA No. 5 on the basis that SoCal lacks sufficient information to admit or deny the request. In its opposition to the Motion, SoCal specifically contends that it "made a reasonable inquiry into information it possessed, and its responses are detailed as to what aspects of the [RFA No. 5] it either can admit, deny, or cannot either admit or deny" (Doc. 36, at 9.) Even if this is true, SoCal's response to RFA No. 5 lacks this required "reasonable inquiry" testament. Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

This is true for SoCal's responses to RFAs No. 9 and 11 as well. These RFAs relate to notices from Amazon concerning the alleged 267 trademark infringement reports and how Amazon notified SoCal it should dispute or appeal Amazon's decision to remove the reported listings and suspend SoCal's account. SoCal denied part of RFA No. 9 and stated that it "lacks sufficient information to truthfully admit or deny the remainder of this Request." SoCal admitted part of RFA No. 11, but similarly stated that it "lacks sufficient information as to all other allegations, characterizations, or interpretations so as to be able to admit or deny this Request." In its opposition to the Motion, SoCal stands by these responses, but—like RFA No. 5—also states that it "made a reasonable inquiry into information it possessed, and its responses are detailed as to what aspects of the [RFAs] it either can admit, deny, or cannot either admit or deny" (Doc. 36, at 9.) Again, even if this is true, SoCal's responses to RFAs Nos. 9 and 11 fail to comply with Rule 36's "reasonable inquiry" testament. Fed. R. Civ. P. 36(a)(4).

For these reasons, the Motion is GRANTED as it pertains to Timken's RFAs Nos. 5, 9, and 11. If SoCal readily has the information necessary to admit or deny the RFA No. 5, it must supplement its response accordingly. If, however, SoCal has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny RFA No. 5, it must supplement its response to comply with Rule 36. SoCal must also supplement its responses to RFAs No. 9 and 11 to comply with Rule 36.

### F. Payment of Expenses

Timken requests that this Court order SoCal to pay Timken's reasonable expenses incurred, including attorney fees, in making its Motion. Federal Rule of Civil Procedure 37(a)(5) governs payment of expenses for motions filed under Rules 36 and 37. Under that rule, "if the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 2019 WL 1760175, at *2 (S.D. Ohio Apr. 22, 2019) ("A court has discretion under Fed. R. Civ. P. 37(a)(5)(C) as to whether to apportion reasonable expenses for a motion to compel that is granted in part and denied in part."), *report and recommendation adopted by* 2019 WL 2124471 (S.D. Ohio May 15. 2019).

Given the disposition of the Motion and the facts presented by the parties, the Court does not find an award of reasonable expenses or attorney fees to be appropriate as to either party. Accordingly, Timken's request for its reasonable expenses, including attorney fees, is DENIED.

**CONCLUSION**

For all the aforementioned reasons, Defendant The Timken Company's Motion to Compel and Motion Regarding the Sufficiency of an Answer (Doc. 35) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                                     /s/ Patricia A. Gaughan
                                     PATRICIA A. GAUGHAN
                                     United States District Judge

Dated: 7/25/25